SMEAD, COLLARD & HUGHES *v.* CHRISFIELD & PEALE.

1. In an action upon a promissory note, by the payee against the maker, it is no defense thereto to state an indebtedness from the payee to the maker, for usurious interest paid in various other prior business transactions.
2. A counterclaim must be specific and certain in its statement, and must arise out of, or be connected with, the plaintiff's present claim.

SPECIAL TERM.—On demurrer to counterclaim. This is an action in attachment, to recover the amount of two promissory notes, the defendants being the makers of the one and indorsers of the other, in the firm name.

Samuel Peale files his separate answer, and as a third cause of defense alleges:

"*Third.* Defendant claims, that in discounting said notes, said plaintiffs deducted a much higher than legal interest, and that the proceeds of the same, received by said Chrisfield, were much less than the face of said notes; all of which defendant asks may be deducted from the amount still due on said notes.

And the said defendant, by way of counterclaim, states that said William Chrisfield, during the past year, has been in the frequent habit, as defendant is informed, of using defendant's name in borrowing money from said plaintiffs, and has paid plaintiffs a very large sum of illegal interest, on discounts of paper signed in the name of Chrisfield & Peale, the exact amount, or an accurate account of which defendant can not give, as it is within the knowledge of plaintiffs solely, but which, if defendant is compelled to pay the notes now held by plaintiffs, should be deducted therefrom.

Defendant therefore asks that said plaintiffs be compelled to make a full and accurate statement of all discounts, or loans of money, made by them to William Chrisfield, in the name of Chrisfield & Peale, and of all deductions for interest made by them on notes so discounted, and of all interest in whatever shape, received by them in the name of Chrisfield & Peale, and that the full amount of the same may be deducted from the amount of said notes."

To which plaintiffs demur.

*Tilden, Rairden & Curwen,* for plaintiffs.

*Collins & Herron,* for defendant, Peale.

STORER, J. The defendants set up, by way of counterclaim, that Chrisfield, one of the parties, during the last year had

borrowed money of the plaintiffs, in the name of both defendants, and paid large sums for excessive interest, which are asked to be deducted from the notes declared upon in the petition.

To this the plaintiffs demur, and assign that the matter described, is not in the nature of a counterclaim, or set-off. By the section 94 of the code, we can not perceive that the defendant's claim can be supported. If. it was a counterclaim, it is not stated with any certainty; no amount is alleged, no specific notes are named, as having been given, nor any certain allegation of an existing right to lessen the amount for any " cause arising out of, or connected with, the plaintiff's claim."

But if it was alleged that the claim constituted a set-off, how must it be regarded?

By the section 97, a set-off must be " a cause of action arising upon a contract, or ascertained by the decision of the court." We suppose that the commonly received rule, that the claim sought to be set off, must be liquidated, or capable of being liquidated, applies, under the code, as it ever has in our former practice under the old law (Swan's Stat., 850); or it may be, as intimated in that statute, the judgment of a competent court between the same parties. Whether the defendant's claim comes within either of these divisions, must determine the question.

The right to be allowed, by recoupment, for any excess of interest paid, is certainly confined to a suit brought upon the note, or contract, on which usury has been received. This is the language of the law of Feb. 18, 1848 (Curwen, 849). But this is not the condition of the defendants. They sustain no such relation to the plaintiffs; nor does the last clause of section 6 of the law referred to, which authorizes the excessive interest to be recovered back, by action against the party receiving it, give the defendants any right to recover, in the form as now presented. The claim does not arise upon contract; the only contract between the parties was to pay what they undertook to pay; and if both have broken the law, the

one by receiving and the other by paying, they are both in "pari delicto," and therefore without the remedy given by law to recover back the usurious interest. They would be left where the court finds them. A remedy, however, is given; it is a special one—the creation of the statute, not the act of the parties—and can not, therefore, be set up to defeat this action.

The demurrer is sustained.